S. TEPFER & SONS, INC., Respondent, v. RONALD ZSCHALER et al., Appellants.— In an action for an injunction and for an accounting, defendants appeal from an interlocutory judgment of the Supreme Court, Kings County, entered August 27, 1965 after a trial before a Special Referee, to whom the matter was referred to hear and determine, upon his oral decision in the plaintiff's favor. Judgment affirmed, with costs. Defendants were sued by the plaintiff for appropriating plaintiff's trade secrets and customer lists to themselves and for their own business purposes, even while some of the individuals among them were still employed by plaintiff. The motions at the conclusion of the trial appear at page 391 of the stenographic transcript of the minutes. Appellants have perfected their appeal, in which they attack the sufficiency of evidence as to numerous findings of fact, with an appendix containing only 67 pages of excerpted testimony out of some 391 pages of transcript. From these excerpts we cannot adequately review the sufficiency of the evidence. Appellants assert that plaintiff's proof was deficient in several respects. Since over 300 pages out of 391 pages of the original transcript are not before the court, we are unable to say that the deficiencies alleged are not containd in the omitted portions of the trial minutes. Appellants have failed to present to us even the 12-page oral decision below which contains the findings of fact attacked on their appeal and, if it were not that respondent annexed a copy thereof to its brief, the decision below would have been unavailable to us. Appellants' "Statement of Questions Involved" consumes three and one-half pages of their brief and violates the statute (CPLR 5528, subd. [a], par. 2), as to length; furthermore, the references in their brief are to pages in the stenographic transcript rather than to their own appendix, which practice is violative of paragraph 3 of subdivision (a) of the statute (CPLR

5528). To review questions of fact and law based on a contention that the weight of the evidence supports one position or the other requires a presentation of " all the pertinent proof" (*E. P. Reynolds Inc.* v. *Nager Elec. Co.*, 21 A D 2d 306, 308; see, also, *Di Francesco* v. *Di Francesco*, 23 A D 740; *Baylor Co.* v. *Rasby Realty*, 24 A D 2d 876.) This requirement is not met on the present appeal. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.